**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

OCT 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEAN RODNEY ORTH, | No. 22-16452 |
| Petitioner-Appellant, | D.C. No. |
| v. | 2:17-cv-02047-JAD-BNW |
| BRIAN WILLIAMS, Warden, High Desert State Prison; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted October 9, 2024**
Las Vegas, Nevada

Before: CHRISTEN, BENNETT, and MILLER, Circuit Judges.
Concurrence by Judge CHRISTEN.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Nevada state prisoner Sean Orth appeals pro se[1] the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

"[W]e review *de novo* the district court's decision to grant or deny a petition for a writ of habeas corpus." *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). Because Orth "filed his federal habeas petition after 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this action" and "requires federal courts to defer to the last reasoned state court decision." *Woods v. Sinclair*, 764 F.3d 1109, 1120 (9th Cir. 2014). Under AEDPA, a petitioner must demonstrate that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

1.      Orth argues that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963) by (1) failing to disclose that Zachary Zafranovich—the victim of Orth's robbery crime and a witness at his trial—was an informant for the Drug Enforcement Administration (DEA) at the time of trial; and (2) delaying its disclosure of Zafranovich's May 24, 2005 meeting with law enforcement during

---

[1]      We grant Orth's request to proceed on his pro se opening brief and thus disregard the opening brief filed by his former counsel for the purpose of this disposition. *See* Dkt. Nos. 18, 23.

the investigation of the robbery. "To establish a *Brady* violation, the evidence must be (1) favorable to the accused because it is either exculpatory or impeachment material; (2) suppressed by the government, either willfully or inadvertently; and (3) material or prejudicial." *United States v. Blanco*, 392 F.3d 382, 387 (9th Cir. 2004). Orth contends that the evidence of Zafranovich's DEA cooperation and his May 24, 2005 meeting was impeachment material.

The Nevada Supreme Court held that there was no *Brady* violation related to Zafranovich's cooperation with law enforcement since it occurred "in an unrelated proceeding after Orth's trial concluded and . . . had no connection with Orth's prosecution." In addition, the Nevada Supreme Court held that there was no *Brady* violation related to Zafranovich's May 24, 2005 meeting because the evidence "did not impeach any witness and was not probative to any material issue."

The district court applied de novo review because it found that the Nevada Supreme Court's decision was based on an unreasonable determination of the facts—namely, that Zafranovich's cooperation occurred in a proceeding *after* Orth's trial. The district court noted that although the criminal information in Zafranovich's 2006 case was filed after Orth's trial, a Sparks Police Department detective testified at the state post-conviction evidentiary hearing that Zafranovich had also cooperated with law enforcement in 2003, before Orth's trial. On appeal, the parties do not contest that de novo review applies to the *Brady* claim.

3

On the merits of the *Brady* claim, the district court found that the first and second *Brady* prongs were satisfied, but the third prong was not met because the suppression of the evidence did not prejudice Orth.

Even assuming without deciding that evidence of Zafranovich's cooperation with law enforcement and May 24, 2005 meeting constituted impeachment material, we agree that the third *Brady* prong was not met. The parties agree that Orth thoroughly impeached Zafranovich at trial, so there was not "a reasonable probability that, had [any additional impeachment] evidence been disclosed, the result of the proceeding would have been different."[2] *Parker v. County of Riverside*, 78 F.4th 1109, 1113 (9th Cir. 2023) (quoting *Turner v. United States*, 582 U.S. 313, 324 (2017)). Orth's *Brady* claim therefore fails.

2.      Orth's ineffective assistance of counsel claims also fail. To prevail on a Sixth Amendment claim of ineffective assistance of counsel, "a petitioner must prove: (1) that his counsel's performance fell below an objective standard of

---

[2]      Orth also suggests that the State failed to disclose that Zafranovich's testimony against Orth was a consideration in Zafranovich's sentencing on felony drug charges. Orth points to an assistant district attorney's notes from November 2008 that indicate that Zafranovich did a "10 lb deal for DEA" and also "testified against Sean Orth." But these notes were made after Orth's trial concluded. Even assuming these notes show that Zafranovich received some benefit for testifying, any such benefit occurred *after* Orth's trial and thus could not have been disclosed to Orth at the time of his trial. These notes do not contradict the prosecutor's testimony at Orth's trial that, at the time of trial, Zafranovich had received no deal in exchange for his testimony in Orth's trial.

4

reasonableness (the deficient performance prong); and (2) that there is a reasonable probability of a more favorable outcome if counsel performed effectively (the prejudice prong)." *Rogers v. Dzurenda*, 25 F.4th 1171, 1181 (9th Cir. 2022) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984)).

a.    First, Orth argues that his appellate counsel was ineffective for failing to raise a claim challenging the trial court's restriction of Orth's cross-examination of Zafranovich, preventing Orth from further inquiring into Zafranovich's prior arrest history and cooperation with law enforcement. The Nevada Supreme Court rejected this claim because Zafranovich's "arrest shortly before trial was not a proper ground of impeachment" and Orth "did not identify facts that might have colored [Zafranovich's] testimony that he was prevented from eliciting." The district court found this to be an unreasonable determination of fact because it relied on the Nevada Supreme Court's earlier erroneous determination that Zafranovich had cooperated with law enforcement only after Orth's trial. Therefore, the district court applied de novo review to this claim. We agree that de novo review applies.

On the merits, the district court held that Orth's claim was unavailing because "the record is not clear what was said at the sidebars" and that it was reasonable for his appellate counsel to decide against bringing a Confrontation Clause claim on this basis.

5

We agree with the district court that there was no record of this alleged restriction or of any objection by Orth during trial that the court limited his cross-examination of Zafranovich. Because there is no record of any restriction, Orth fails to show his appellate counsel acted deficiently by failing to challenge one.

b. Second, Orth argues that his appellate counsel was ineffective for failing to assert a compulsory process and right to present a defense claim arising out of Zafranovich's failure to reappear at trial. After Zafranovich finished testifying at trial, the State's DNA analyst testified that a watch that Zafranovich identified to law enforcement as having fallen off one of his assailants and belonging to Orth did not have Orth's DNA on it, and a casino employee testified that Zafranovich had won only $1,500 (and not $17,000, as Zafranovich had testified earlier as a possible motivation for the robbery). Orth attempted to recall Zafranovich to confront Zafranovich with this testimony, but Zafranovich was in "too much pain" from a recent surgery to return to the stand.

The Nevada Supreme Court found Orth failed to show his counsel was ineffective for failing to bring this claim because the claim lacked merit: during trial, "Orth cross-examined [Zafranovich] extensively, had notice of [Zafranovich]'s scheduled medical procedure that brought about his unavailability, and did not move to compel [Zafranovich]'s appearance or to obtain a continuance to arrange his appearance." The district court held that this determination was

reasonable, noting that Orth "never acted to compel" Zafranovich's appearance (and later "abandoned" seeking his further testimony) and that Zafranovich's additional testimony would have been cumulative. The district court therefore deferred to the Nevada Supreme Court's decision under AEDPA.

We agree that AEDPA's deferential standard applies. As both the Nevada Supreme Court and the district court correctly noted, Zafranovich had already been impeached with the testimony that Orth wanted to highlight. The trial court allowed Orth to read relevant portions of Zafranovich's testimony back to the jury, and recalling Zafranovich to highlight these same inconsistencies would have been cumulative. Orth therefore fails to "make[] a plausible showing that the testimony [sought] . . . would have been material and favorable to his defense, in ways [that are] not merely cumulative." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 873 (1982). Because Orth could not have succeeded on this claim, his appellate counsel was not ineffective for failing to raise it.

    c.    Third, Orth argues that appellate counsel was ineffective for failing to raise a claim that Nevada's felony eluding statute, Nev. Rev. Stat. § 484.348,[3] was unconstitutionally vague for not defining a "readily identifiable vehicle of any police department."

---

[3] This section of the statute has since been replaced by Nev. Rev. Stat. § 484B.550.

7

The Nevada Supreme Court held that the statute was not vague because it did not "fail[] to provide a person of ordinary intelligence fair notice of what [was] prohibited" and was not "so standardless that it authorize[d] or encourage[d] seriously discriminatory enforcement." *State v. Castaneda*, 245 P.3d 550, 553 (Nev. 2010) (quoting *Holder v. Humanitarian L. Project*, 561 U.S. 1, 18 (2010)). It concluded that Orth failed to show that his appellate counsel was ineffective for failing to bring a vagueness challenge. The district court found that the Nevada Supreme Court's determination was an objectively reasonable interpretation of *Strickland* and was not based on an unreasonable determination of the facts.

We agree that the Nevada Supreme Court's determination was reasonable and that AEDPA's deferential standard applies to this claim. The Nevada Supreme Court identified the correct standard for determining whether a statute is unconstitutionally vague. *See Castaneda*, 245 P.3d at 553; *see also Johnson v. United States*, 576 U.S. 591, 595 (2015) ("[T]he Government violates [due process] by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement."). Under this standard, the Nevada Supreme Court reasonably concluded that Nevada's felony eluding statute was not unconstitutionally vague.

Moreover, Orth's appellate counsel testified at the state post-conviction evidentiary hearing that her decision not to challenge the vagueness of the statute was strategic because she did not think "the issue of vagueness was a viable issue." "[U]nder *Strickland,* we must defer to trial counsel's strategic decisions." *Correll v. Ryan*, 539 F.3d 938, 948 (9th Cir. 2008); *Strickland*, 466 U.S. at 690 (stating that counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable").

   d.  Fourth, Orth argues that his appellate counsel was ineffective for failing to appeal the trial court's decision not to compel disclosure of the Reno Police Department policy on vehicular pursuits that Orth had attempted to subpoena. The Nevada Supreme Court held that this claim lacked merit since "the balance of interests in this case weighs heavily against disclosure," citing *Donrey of Nev., Inc. v. Bradshaw*, 798 P.2d 144, 147–48 (Nev. 1990), for the proposition that "when a defendant moves for production of a public record, the court must balance the law enforcement interest in nondisclosure with the general policy in favor of open access to government records." Applying AEDPA's deferential standard, the district court held that the Nevada Supreme Court's determination was reasonable under Nevada law. The district court also noted that the disclosure of the policy would not have impeached any of the police officers' testimony.

We agree that AEDPA's deferential standard applies to this claim. The

Nevada Supreme Court, as the final arbiter of Nevada law, reasonably applied Nevada law in concluding that the balance of interests weighed against disclosing the policy, and Orth provides us no compelling reason to hold otherwise. We also agree with the district court that the police policy shows only that the officers complied with the policy—which requires unmarked police cars to give way to marked police cars during a pursuit—and thus would not have impeached their testimony. Because Orth again has not shown that he would have succeeded on this claim on appeal, he cannot show prejudice, and his ineffective assistance of counsel claim fails.

**AFFIRMED.**

*Sean Rodney Orth v. Brian Williams et al.,* No. 22-16452

CHRISTEN, Circuit Judge, concurring:

I concur in the judgment. *See* General Order 4.3.a.

FILED

OCT 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

1